IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISON

| | |
|---|---|
| VELMA YBARRA | (   No. MO- 22-CV-00048 |
| | ( |
| v. | ( |
| | ( |
| VICTORY HOSPICE OF TEXAS, LLC, CEN-TRIC HOME HEALTH AND HOSPICE, LLC MYCENTRIC HEALTHCARE, LLC and JOHN DOE Nos. 1-3 | ( ( ( ( |

## COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

VELMA YBARRA, Plaintiff, complains of VICTORY HOSPICE OF TEXAS, LLC, CENTRIC HOME HEALTH AND HOSPICE, LLC; MYCENTRIC HEALTHCARE, LLC and JOHN DOE Nos. 1-3, Defendants, and for causes of action would show:

1.
(The Party Plaintiff)

VELMA YBARRA, Plaintiff, is an individual and resident of Midland County, Texas.

2.
(The Party Defendant)

Defendant VICTORY HOSPICE OF TEXAS, LLC is an entity conducting business in the State of Texas, individually and d/b/a Centric Hospice. The entity operates within an area of counties within the Western District of Texas. Its principal place of business is located in Greenville, Texas. Defendant VICTORY HOSPICE OF TEXAS, LLC may be served by serving With process David Ochoa, Chief Executive Officer, at 3900 Joe Ramsey Blvd. E, Bldg. 4, Greenville, Texas 75401.

Defendant, MYCENTRIC HEALTH CARE, LLC is an entity operating in the State of Texas and in Midland, Texas under the business name of Centric Hospice. Mycentric Healthcare also operates under the name of Victory Hospice and Centric Hospice. Defendant Mycentric Healthc may be served by serving with process David Ochoa, Chief Executive Officer, at 3900 Joe Ramsey Blvd. E, Bldg. 4, Greenville, Texas 75401.

Defendant CENTRIC HOME HEALTH AND HOSPICE, LLC is an entity operating in the State of Texas and in Midland, Texas under the business name of Centric Hospice. Defendant Centric Home Health and Hospice, LLC may be served by serving with process David Ochoa, Chief Executive Officer, at 3900 Joe Ramsey Blvd. E, Bldg. 4, Greenville, Texas 75401.

Plaintiff reserves the naming of additional defendants in the event that other actors, aided and abetted in, or were a party to the tort conduct of the Defendant. These additional defendants will be designated as John Doe Nos. 1-3.

3.
(Venue & Primary Jurisdiction)

Venue is proper in this District Court and this Division for the reason that the wrongful Conduct, the employment termination, occurred in Midland County, Texas, which is located within the Midland Division of the United States District Court for the Western District of Texas.

The Plaintiff invokes the federal question jurisdiction of the United States District Court, for she sues for remedies under Americans with Disabilities Act.

The conditions precedent to filing suit have been met. The Plaintiff served a Notice of Claim upon the Defendant prior to filing suit.

4.
(Causes of Action)

On or about June 08, 2021, the Plaintiff was employed with the Defendants in a billing position. She starting working that day online beginning at 5 a.m. At 4 p.m., she was not feeling well and having trouble remembering and became confused. She was advised to get off the computer. The Plaintiff's husband, subsequently, took her to Midland Memorial Hospital in Midland, Texas. She was admitted for a possible stroke and had several tests. The Plaintiff was diagnosed with Transit Global Amnesia and was released on June 09, 2021. On June 10, 2021, the Plaintiff went to Hendricks Medical Center in Abilene, Texas because she was getting worse. She was hospitalized until June 12, 2021, after more tests.

On June 20, 2021, the Plaintiff returned to Midland Memorial and presented with anemia and renal failure. She was released June 12, 2021, but was readmitted on June 25, 2021 with acute kidney injury, hypomagnesemia, paranoid behavior and UTI.  The Plaintifff's daughter, Stephanie Hernandez, conversed with Beverly Ashlock, the Director of Human Relations, and requested a FMLA, but was told that the Plaintiff did not qualify because she lived more than 50 miles away from the office. On June 29th, Stephanie Hernandez requested medical leave paperwork. Ashlock asked for an email address, but the paperwork was never sent.

On July 6, 2021, the Plaintiff notified Ashlock that she was ready to come back to work. Ashlock indicated that she would speak with David Ochoa, the CEO for the Defendants. On July 7, 2021, Ashlock told that Ochoa said he was not ready for the Plaintiff to return but that she would be eligible for rehire.  The Plaintiff asked Ashlock, "Did you terminate me or is it a leave of absence?  Ashlock responded, "Termination, but eligible for rehire."

At the time, the Defendant employed over 50 individuals. The Defendants, acting jointly and/or severally terminated the Plaintiff in violation of the Americans With Disabilities Act, acting through its representatives, employees and representatives by failing to provide.

The Plaintiff with a reasonable accommodation for her medical condition, which prevented her from conducting reasonable daily activities, but which she could perform employment duties with reasonable accommodation.

At the time of termination, the Plaintiff was covered by health insurance or health plan. Since her termination, the Defendant has failed to notify her adequately of her right to continuation of health insurance under the Consolidated Omnibus Budget Reconciliation Act, also known as COBRA and has failed to provide her with a manner and means of obtaining COBRA continuation coverage.

The qualifying event was the Plaintiff's termination of employment by the Defendants. The Defendants, acting through its employee(s), agent(s), representative(s) or officials/principals failed to provide a notification within the requisite 44 days of her right to health insurance coverage continuation.

For causes of action, the Plaintiff pleads the following:

(a) *Violation of the Americans With Disabilities Act*. The Plaintiff had a interest in her position with the Defendants and further in her good name and future earning capacity. The Plaintiff had a right in not being terminated arbitrarily or capriciously, but to be employed through the utilization of reasonable accommodation. The termination was a proximate cause of damages to the Plaintiff in the form of loss of income up to $350,000.00; mental anguish and pain and suffering up to $750,000.00 and loss of earning capacity, loss of reputation and future mental anguish in the amount of $750,000.00.

Separately, the Defendants violated the terms of the Family Medical Leave Act and/or Americans With Disabilities Act by denying benefits based on a 50-mile limitation, when Plaintiff was employed in a stay-home, computer-based position. This violation was a

Proximate cause of damages for which Plaintiff sues for recovery as set out above.

(b) *Violation of COBRA*. The Defendant's conducted itself to violate the Plaintiff's right of continuation coverage under COBRA. The Plaintiff is entitled to the recovery of $110.00 per day from the 45th day after termination through the date this case is adjudicated. The Plaintiff prays recovery of $110.00 per day beginning from August 22, 2021, until the date this case is adjudicated or to the date under law which the penalty expires. In the alternative, Plaintiff prays for a recovery of up to $150,000.00 for remedies afforded by COBRA.

4.
(Damages)

Plaintiff requests recovery of the per day penalty permitted under COBRA at the lawful rate.

Separately, as a proximate result of the conduct of the Defendant, the Plaintiff sustained damages in the form of future loss of earning capacity, mental anguish, pain and suffering and physical and mental impairment. The Plaintiff requests a recovery of up to $1.85 million under the violation of due process claim.

The Plaintiff sues for recovery of up to $150,000.00 for damages and assessment for the COBRA violation.

The Plaintiff prays for the recovery from the Defendant, jointly and/or severally, if applicable of all damages in excess of the minimum Jurisdiction of the Court.

5.

The Plaintiff reserves in this pleading any claim for breach of fiduciary duty and common law fraud, as pendent state law claims.

6.

The Plaintiff reserves claims against John Doe Nos. 1-3, if revealed through discovery.

7.
(Notice to Defendants)

A notice of suit rights was served upon the Plaintiff and the Defendant.

8.
(Attorney's Fees)

The Plaintiff requests the recovery of reasonably attorney's fees in an amount in excess of the minimum jurisdiction of the Court, if permitted by statute or case law.

The Plaintiff requests the recovery of up to $75,000.00 for pre-trial representation and up to $15,000.00 for trial of this case. If the Defendant elects to appeal, the Plaintiff prays for the recovery of up to $50,000.00 for representation through the United States Court of Appeals for the Fifth Circuit.

9.
(Interest)

The Plaintiff requests the recovery of pre-judgment interest, post-judgment interest and the costs of Court.

10.

The Plaintiff demand a trial by jury.

Prayer

Wherefore, the Plaintiff requests that the Defendant be cited to appear and answer and after a trial on the merits, the Plaintiff request the recovery of a Judgment awarding the following relief:

[a]  Compensatory damages for the elements and in the elements alleged above;

[b]  Reasonable attorney's fees;

[c]  Pre-judgment interest, post-judgment interest and costs of court;

[d]  Such other relief to which the Plaintiffs are entitled to recover.

    Respectfully submitted,

    Steve Hershberger, Attorney at Law
    600 No. Marienfeld St., Ste. 1035
    Midland, TX  79701
    432-570-4014
    stevehersh@sbcglobal.net

    By: __/s/ Steve Hershberger_____
    Steve Hershberger
    Texas State Bar # 09543950

    Attorneys for Plaintiff